IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN EUGENE FLETCHER, TDCJ #2052172, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0682 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

# MEMORANDUM AND ORDER

The petitioner, Melvin Eugene Fletcher, seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that resulted in a sentence of imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The respondent has answered with a motion for summary judgment, arguing that Fletcher is not entitled to relief on any of his claims [Doc. # 6]. Fletcher has filed more than one response [Docs. # 10, # 11, # 12]. After considering the pleadings and the applicable law, the Court will grant the respondent's motion and dismiss the petition for the reasons explained below.

**I.     BACKGROUND**

A Harris County grand jury returned an indictment against Fletcher in case number 1376099, charging him with the state jail felony offense of theft for stealing copper wiring.[1] That indictment was enhanced for purposes of punishment with allegations that Fletcher had at least two prior state jail felony convictions for theft of metal.[2] After holding a hearing under *Faretta v. California*, 422 U.S. 806 (1975),[3] the trial court granted Fletcher's motion for leave to represent himself.[4] Before doing so, the trial court considered the results of a psychiatric evaluation, which found Fletcher competent to stand trial.[5]

At trial, a police officer identified Fletcher as the man he witnessed stealing copper wiring from a local business where the officer was working an extra job as a security guard.[6] An employee of that business testified that Fletcher did not have the

---

[1]     Indictment [Doc. # 7-1], at 13.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]     *Id.*

[3]     Court Reporter's Record: Faretta Hearing [Doc. # 9-5], at 1-16.

[4]     Faretta Warnings, Waiver of Court Appointed Counsel, Court Findings and Order Allowing Defendant to Proceed Pro Se [Doc. # 7-1], at 33-34.

[5]     Evaluation Summary: Competency to Stand Trial [Doc. # 7-1], at 20-26.

[6]     Court Reporter's Record, vol. 3 [Doc. # 8-11], at 9-21.

business owner's consent to take the copper wire.[7] A jury in the 185th District Court for Harris County, Texas, found Fletcher guilty as charged as charged in the indictment.[8] Thereafter, the trial court found that the enhancement allegations were "true" and sentenced Fletcher to seven years' imprisonment.[9]

On direct appeal, where Fletcher had the assistance of appointed counsel, he argued that his right to be represented by counsel at trial was not knowingly and voluntarily waived and that the trial court abused its discretion by finding him competent to represent himself.[10] An intermediate court of appeals disagreed and affirmed the conviction. *See Fletcher v. State*, 474 S.W.3d 389 (Tex. App. — Houston [14th Dist.] 2015). Subsequently, the Texas Court of Criminal Appeals refused Fletcher's petition for discretionary review. *See Fletcher v. State*, No. PD-1101-15 (Tex. Crim. App. Jan. 13, 2016).

Fletcher challenged his conviction further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.[11] The

---

[7]     *Id.* at 27.

[8]     Verdict [Doc. # 7-2], at 68.

[9]     Judgment of Conviction dated Feb. 12, 2014 [Doc. # 7-2], at 69-70.

[10]     Brief for Appellant [Doc. # 7-12] at 3.

[11]     State Habeas Corpus Application [Doc. # 9-12], at 5-21.

Texas Court of Criminal Appeals denied that application without a written order on findings made by the trial court.[12]

Fletcher now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254 for the following reasons:

1. The trial court did not have "political" jurisdiction over him.

2. He is not liable for violating criminal law because he is not a "legal person."

3. He was denied effective assistance of counsel on appeal.

4. The evidence against him was "falsified" and "conflicting."

5. The trial court abused its discretion.

6. The charges differed from the crime.[13]

The respondent moves for summary judgment, arguing that Claims 1 and 3 are without merit and do not warrant relief under the governing federal habeas corpus standard of review.[14] The respondent argues that all of Fletcher's remaining claims are barred by the doctrine of procedural default because he either did not raise them

---

[12] *See* Action Taken on Writ No. 84,856-02 [Doc. # 9-8] at 1.

[13] Petition [Doc. # 1], at 6-7; Memorandum of Law [Doc. # 1-2], at 1-12.

[14] Motion for Summary Judgment [Doc. # 6], at 14-15.

in state court (Claims 2 and 6) or he failed to do so in a procedurally proper manner (Claims 4 and 5).[15]

## II. STANDARD OF REVIEW

To the extent that the petitioner's claims were adjudicated on the merits on direct appeal or on state habeas corpus review, the petition is subject to the AEDPA standard codified at 28 U.S.C. § 2254(d). Under this standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); *see also Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). To

---

[15] *Id.* at 9-14.

constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The AEDPA standard "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its

decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002). Thus, a federal habeas corpus court's inquiry is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. *See Garcia v. Quarterman*, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)). Where the adjudication of a claim turns on a factual determination, a federal habeas corpus court may not characterize the state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance." *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277 (2015) (citation and internal quotation marks omitted). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id*.

## III. DISCUSSION

### A. Lack of Jurisdiction (Claim 1)

Fletcher argues that the trial court lacked jurisdiction over him because of his Moorish nationality and his status as a sovereign citizen or "strawman."[16] The state habeas corpus court rejected this contention, noting that, in Texas, "jurisdiction over an accused is invoked in felony prosecutions by the filing of an indictment or information if indictment is waived."[17] The state habeas corpus court concluded, therefore, that the trial court acquired jurisdiction over Fletcher when a grand jury indicted him.[18]

The Fifth Circuit has emphasized that "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (citing *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. Unit A 1980); *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (same)). Where a state court has held that an indictment is sufficient under state law, a federal court need not address that issue. *Evans*, 577 F.3d at 624 (quoting *McKay*, 12 F.3d at 68).

---

[16] Petition [Doc. # 1], at 6; Memorandum of Law [Doc. # 1-2], at 1-2.

[17] Findings of Fact and Conclusions of Law [Doc. # 9-12], at 53 (citing *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009)).

[18] *Id.*

8

In denying Fletcher's application for a state writ of habeas corpus, the Texas Court of Criminal Appeals necessarily found that the indictment was sufficient to vest the trial court with jurisdiction. Fletcher's arguments based on his sovereign citizen status and nationality do not show otherwise. *See United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting that the sovereign citizen defense to jurisdiction has "no conceivable validity in American law"). Because Fletcher does not show that jurisdiction was lacking, his challenge to the sufficiency of the indictment is not cognizable and he is not entitled to relief on this claim.

### B. Petitioner's Liability and the Alleged Variance (Claims 2 and 6)

In Claim 2, Fletcher argues that he is entitled to relief because he is not a "legal person" subject to criminal liability.[19] In Claim 6, Fletcher appears to argue that the charges lodged against him in the indictment were different or varied from the evidence admitted at trial, which showed that he was guilty of, at most, "criminal mischief."[20] The respondent notes that these claims were not previously made in state court and are unexhausted.[21] *See* 28 U.S.C. § 2254(b)(1). The record confirms that Fletcher did not present these claims on direct appeal or on state habeas corpus

---

[19]    Petition [Doc. # 1], at 6.

[20]    Memorandum of Law [Doc. # 1-2], at 9.

[21]    Motion for Summary Judgment [Doc. # 6], at 9-11.

9

review.[22] Because Fletcher did not raise these claims when he had an opportunity to do so, the respondent argues that these unexhausted claims are barred by the doctrine of procedural default.[23]

"[I]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000) (citations omitted). Because Fletcher cannot return to state court to raise these claims, his failure to exhaust is adequate to bar federal review of his claims unless an exception applies. *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)). To overcome a procedural default, a federal habeas corpus petitioner must demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

---

[22] *See* Appellate Brief [Doc. # 7-12], at 7; State Habeas Application [Doc. # 9-12], at 10-18.

[23] Motion for Summary Judgment [Doc. # 6], at 11-12.

Fletcher does not propose any cause for his default and the record does not disclose any.[24] Because Fletcher does not demonstrate that any other exception applies, this is sufficient to bar his claim. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) ("A court need not consider whether there is actual prejudice if the petitioner fails to show cause.") (citations omitted); *see also Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006) (observing that conclusory allegations are insufficient to show the requisite cause and prejudice for purposes of overcoming a procedural default). Accordingly, the Court concludes that Claim 2 and Claim 6 are procedurally barred and that the respondent is entitled to summary judgment on these issues.

---

[24] The Court notes that Fletcher claims that he was denied effective assistance of counsel on direct appeal because his appointed attorney failed to raise certain claims on his behalf. *See* Petition [Doc. # 1], at 7; Memorandum of Law [Doc. # 1-2], at 4. Ineffective assistance of counsel may, in some circumstances, constitute cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Carpenter*, 529 U.S. at 451. "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id.* (emphasis in original). Fletcher's ineffective-assistance claim does not provide cause for his default in this instance because, for reasons explained in more detail below, he fails to show that he was denied effective assistance of counsel on appeal.

## C. The Trial Court's Rulings and Authority (Claims 4 and 5)

In Claim 4, Fletcher alleges that the trial court abused its discretion by admitting "falsified documents" and "conflicting evidence" about the precise location on the premises where the copper wire was taken from.[25] In Claim 5, Fletcher contends that the trial court abused its discretion by failing to appoint standby counsel and disregarding Fletcher's request for the trial judge's "oath of office" showing that he had authority to preside over a criminal case.[26] The state habeas corpus court rejected these record-based claims because they should have been raised on direct appeal and were "not cognizable" on collateral review.[27] Because the state habeas corpus court rejected these claims on procedural grounds, the respondent argues that these claims are also procedurally barred from federal habeas review.

Federal habeas review is barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04 (1991). It is well settled under Texas law that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal.

---

[25] Petition [Doc. # 1], at 7; Memorandum of Law [Doc. # 1-2], at 5-6.

[26] Memorandum of Law [Doc. # 1-2], at 7.

[27] Findings of Fact and Conclusions of Law [Doc. # 9-12], at 53-54 (citing *Ex parte Clore*, 690 S.W.2d 899, 900(Tex. Crim. App. 1985) and *Ex parte Grisby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004)).

*Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). The Fifth Circuit has recognized that this procedural rule constitutes an independent and adequate basis on which to bar federal review. *See Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005). Accordingly, Claim 4 and Claim 5 are barred from federal review as the result of his procedural default. Because Fletcher has not established cause for his default or shown that he fits within any other exception to the procedural bar, federal review is not available for Claims 4 and 5. The respondent's motion for summary judgment on this issue will be granted.

### D. Ineffective Assistance of Counsel on Appeal (Claim 3)

Fletcher contends that he was denied effective assistance of counsel on direct appeal because his appointed attorney only visited him once and did not investigate to see if there was any merit to his contention that falsified documents and conflicting evidence was admitted in error at this trial.[28] In support of that contention, Fletcher maintains that the police officer who testified against him falsified his report and gave conflicting accounts at trial about which side of the building Fletcher was standing on when he removed the copper wire that was taken.[29] The state habeas corpus court rejected this claim finding that appellate counsel's failure to raise this proposed issue

---

[28] Petition [Doc. # 1], at 7.

[29] Memorandum of Law [Doc. # 1-2], at 5-6.

13

was not objectively unreasonable or deficient.[30] The state habeas corpus court concluded further that Fletcher failed to demonstrate the prejudice from the alleged deficiency because he did not establish a reasonable probability that he would have prevailed if appellate counsel had raised this issue or any other claim.[31]

A claim of ineffective assistance on appeal is governed by the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

---

[30] Findings of Fact and Conclusions of Law [Doc. # 9-12], at 54 (citing *Ex parte Santana*, 227 S.W.3d 700, 704-05 (Tex. Crim. 2007)).

[31] *Id.*

14

Fletcher's contends that his appellate attorney was deficient because she only visited him once and could not enunciate any "strategy of probative value" during that meeting.[32] The record shows, however, that appellate counsel filed a detailed, thoroughly researched brief on Fletcher's behalf,[33] arguing that the trial court erred by granting Fletcher's request for leave to represent himself at trial, where he did little to defend against the State's case.[34] She also filed a lengthy petition for discretionary review of these issues with the Texas Court of Criminal Appeals.[35]

Fletcher's unsubstantiated allegations concerning the police officer's testimony are insufficient to show that he had a more viable claim to make on appeal or to show that appellate counsel was deficient for failing to raise this issue. Even under the lenient standard that applies to *pro se* litigants, a federal habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n. 2 (5th Cir. 1983). Because Fletcher does not suggest what else his appellate counsel could have done that would have changed the result, he does not show that the

---

[32] Memorandum of Law [Doc. # 1-2], at 4.

[33] Brief for Appellant [Doc. # 7-12], at 1-33.

[34] Court Reporter's Record, vol. 3 [Doc. # 8-11], at 1-66 (consisting of the guilt/innocence phase of the trial).

[35] Petition for Discretionary Review [Doc. # 8-6], at 1-47.

state habeas corpus court's decision to deny relief was unreasonable. Accordingly, the respondent is entitled to summary judgment on this claim.

Because none of the claims raised by Fletcher warrant relief, the petition will be denied and this case will be dismissed.

## IV. <u>**CERTIFICATE OF APPEALABILITY**</u>

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898

16

(5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 6] is **GRANTED**.

2. The habeas corpus petition filed by Melvin Eugene Fletcher [Doc. # 1] is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 14, 2018.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE